NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-1382

SIEMENS AG,

Plaintiff-Appellant,

v.

SEAGATE TECHNOLOGY,

Defendant-Appellee.


Robert M. Chiaviello, Jr., Fulbright & Jaworski, L.L.P., of Dallas, Texas, argued for plaintiff-appellant. With him on the brief were Kirby B. Drake; and Warren S. Huang, of Houston, Texas, and Mark Garrett, of Austin, Texas. Of counsel was Miriam Quinn, of Dallas, Texas.

David J.F. Gross, Faegre & Benson LLP, of Minneapolis, Minnesota, argued for defendant-appellee. With him on the brief were Calvin L. Litsey, Aaron D. Van Oort, Timothy E. Grimsrud and Christopher J. Burrell.

Appealed from: United States District Court for the Central District of California

Judge James V. Selna

NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-1382

SIEMENS AG,

Plaintiff-Appellant,

v.

SEAGATE TECHNOLOGY,

Defendant-Appellee.

Appeal from the United States District Court for the Central District of California in case no. 06-CV-788, Judge James V. Selna.

_____

DECIDED:  March 9, 2010

_____

Before GAJARSA, ARCHER, and PROST, Circuit Judges.

ARCHER, Circuit Judge.

Siemens AG ("Siemens") appeals the United States District Court for the Central District of California's denial of its renewed motions for judgment as a matter of law, or alternatively, for a new trial on Seagate Technology's ("Seagate") anticipation and obviousness defenses.  Because substantial evidence supports the jury's obviousness verdict, we affirm.

I

Siemens filed suit against Seagate, alleging that Seagate willfully infringed Claims 1, 7, 14, 15, 19, and 20 of U.S. Pat. No. 5,686,838 ("the '838 patent").  In

response, Seagate argued that all of the asserted claims were invalid as either anticipated or obvious. Following a five-week trial, the parties agreed to submit the case to the jury for a general verdict. The jury returned a verdict concluding that Seagate had proven, by clear and convincing evidence, that 1) all of the asserted claims of the '838 patent were invalid because they were anticipated by the invention of IBM employee(s) and 2) all of the asserted claims of the '838 patent were invalid because they were obvious to one of ordinary skill in the art as of December 21, 1992.

Siemens filed renewed motions for judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50(b), or alternatively, for a new trial pursuant to Federal Rule of Civil Procedure 59(a) on Seagate's anticipation and obviousness defenses. The district court found that substantial evidence supported the jury's verdict and, therefore, denied Siemens' motions in their entirety.

Siemens appeals, and we have jurisdiction pursuant to 28 U.S.C. § 1295(a)(1).

II

"Because the jury returned a verdict in favor of [Seagate], we must presume that all factual disputes . . . were resolved in its favor." SIBIA Neurosciences, Inc. v. Cadus Pharm. Corp., 225 F.3d 1349, 1356 (Fed. Cir. 2000). All factual questions, including those underlying an obviousness determination, will be reviewed for substantial evidence. Fresnius USA, Inc. v. Baxter Intern, Inc., 582 F.3d 1288, 1295 (Fed. Cir. 2009).

The jury implicitly found that all asserted claims of the '838 patent were rendered obvious by known giant magnetoresistive ("GMR") sensors combined with a coupling layer and magnetic layer from known artificial antiferromagnets ("AAF"). Siemens

asserts that there was no motivation to make this combination. However, Seagate's expert, Dr. Wang, testified that AAF structures with a coupling layer and a magnetic layer were known to those of ordinary skill in the art in 1992 and were also found in prior art patents and publications. Dr. Wang further explained in detail that based on this common knowledge of AAFs and known problems with prior art GMR sensors (such as stray magnetic flux) and the design incentives for solving such problems, a person of ordinary skill in the art would have been motivated to solve these problems using an AAF. In light of Dr. Wang's testimony, a reasonable jury could have found that it would have been obvious to one of ordinary skill in the art to combine known GMR sensors with the coupling and magnetic layers from known AAFs to make the claimed invention.

We therefore agree with the district court that substantial evidence supports the jury's obviousness determination. Accordingly, we do not need to reach the district court's denial of Siemens' renewed motion for judgment as a matter of law, or alternatively a new trial, on Seagate's anticipation defense.